IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| David Hughes, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | |
| E.W. Wylie Corporation and Taylor Lehr, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## COMPLAINT

COMES NOW the plaintiff, David Hughes, by and through counsel, Brian Collignon, of Pistotnik Law Offices, LLC and for his cause of action against the defendants E.W. Wylie Corporation and Taylor Lehr, alleges and states:

1. The plaintiff, David Hughes, is an individual who resides in the State of Missouri.

2. Defendant E.W. Wylie Corporation transacts business in Kansas and is a foreign corporation located in North Dakota Corporation with a principal place of business in West Fargo, North Dakota which may be served with process through its resident agent, C.T. Corporation System, 120 W Sweet Ave., Bismarck, ND 58504.

3. Defendant Taylor Lehr is an individual who resides in Mississippi. Defendant Lehr may be served with process at his residence at 409 E Pine Ave., Wiggins, MS 39577.

4. This court has jurisdiction over the persons involved and subject matter.

5. Venue is proper in the Wichita District of this Court.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

7. On December 18, 2019, to further its own business interests, E.W. Wylie Corporation instructed Lehr, one of its employee drivers, to drive a semi-truck that was towing a flatbed trailer in Chase County, Kansas.

8. Lehr negligently operated the semi-truck causing it to collide with a vehicle driven by Hughes.

9. The accident was caused by the negligence of Lehr and E.W. Wylie Corporation which proximately caused a collision, injuries and damages to Hughes.

10. Lehr was the employee driver for E.W. Wylie Corporation at the time of the accident which is the subject matter of this suit. Lehr was operating in the course and scope of his employment for E.W. Wylie Corporation at the time of the accident. For all allegations brought hereafter, the actions and omissions of Lehr are the actions and omissions of E.W. Wylie Corporation under the doctrines of Respondeat Superior and Vicarious Liability.

11. At all times material hereto, E.W. Wylie Corporation was operating as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

12. E.W. Wylie Corporation has applied for and obtained motor carrier authority under authority through the Department of Transportation (DOT) under its license through D.O.T. number 827622.

13. The semi-truck operated by E.W. Wylie Corporation and its driver Lehr were operating in interstate commerce making them subject to the Federal Motor Carrier Safety Regulations issued under 49 C.F.R. Sections 381 through 399 which are enforceable pursuant to the Motor Carrier Act, PL 96-296, 1980 S 2245 and PL 96-296, July 1, 1980, 94 Stat 793.

14. Under 49 C.F.R. § 390.3(e)(1) & (2), E.W. Wylie Corporation and Lehr were required to be instructed regarding and comply with all applicable regulations contained in the FMCSR.

15. The FMCSRs and the MCA specifically under the section 49 C.F.R. § 391.1(a) and (b) states, "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part also establish minimum duties of motor carriers with respect to the qualification of drivers. (b) A motor carrier who employs himself/herself as a driver must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers."

16. 49 C.F.R. §390.11 imposes duties on the motor carrier to follow the minimum duties and industry minimum standard of care required by the FMCSR and states, "Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound."

17. For all allegations in this suit, the violation of the MCA and the FMCSR's as

well as violation of 49 C.F.R. §§380 through 399 by E.W. Wylie Corporation and Lehr are violations of the duties and applicable minimum industry standard of care for truck drivers and motor carriers.

18. Under the FMCSR, the E.W. Wylie Corporation semi-truck in this case is a commercial motor vehicle with a gross operating weight of 10,001 pounds or more.

19. The E.W. Wylie Corporation semi-truck that is the subject matter of this litigation is maintained and repaired by E.W. Wylie Corporation.

20. The E.W. Wylie Corporation semi-truck involved in this collision was dispatched, supervised, monitored, operated, and controlled by the department operations and the fleet management of E.W. Wylie Corporation.

21. Lehr was dispatched, monitored, operated, and controlled by E.W. Wylie Corporation.

22. Lehr was hired, qualified, supervised, and trained by E.W. Wylie Corporation.

23. Pursuant to 49 C.F.R. § 390.4, a "motor carrier" is a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

24. E.W. Wylie Corporation was at all material times a "motor carrier" and an "employer" of its driver Lehr in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

25. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages

sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

26. 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities."

27. E.W. Wylie Corporation and Lehr negligently failed to provide safe and adequate service which proximately caused the injury and damages to plaintiff.

28. The actions and omissions of E.W. Wylie Corporation and Lehr were negligent and include, but are not limited to:

   A. Operation of a commercial motor vehicle in a careless manner.

   B. Inattentive operation of a commercial motor vehicle.

   C. Failure to keep a proper lookout.

   D. Failure to yield or stop.

   E. Failure to maintain control.

   F. Failure to exercise ordinary care in the operation of a motor vehicle.

   G. Failure to take evasive action.

   H. Operation of the truck in violation of the minimum standards adopted by the industry as provided under the FMCSR and standards of care set forth under 49 C.F.R. § 392.2 for failing to operate in accordance with the laws, ordinances and regulations of the State of Kansas..

   I. Negligent hiring, retention, qualification, supervision, and training of Lehr by E.W. Wylie Corporation.

   J. Failing to have adequate safety management protocols in place.

K. Other actions and omissions of negligence that will be supplemented after discovery is complete.

29. Defendant E.W. Wylie Corporation has ratified all conduct of its company driver Lehr either expressly or impliedly.

30. As a further direct and proximate result of the negligent acts and omissions of the defendant E.W. Wylie Corporation and its driver, Lehr, Hughes sustained injuries and has been damaged. For the aforementioned damages, Hughes has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein and for such other and further relief as the Court deems just and equitable.

PISTOTNIK LAW OFFICES, LLC

 s/ Brian R. Collignon
Brian R. Collignon, #19888
John P. Pistotnik, #28356
Pistotnik Law Offices, LLC
2831 E. Central
Wichita KS 67214
(316) 689-8035
fax: (316) 683-4692
BrianC@pistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas as the place for trial in this matter.

    _s/ Brian R. Collignon_____
Brian R. Collignon, #19888
John P. Pistotnik, #28356
Pistotnik Law Offices, LLC
2831 E. Central
Wichita KS 67214
(316) 689-8035
fax: (316) 683-4692
BrianC@pistotniklaw.com